JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. EDCV 14-02562-CJC(KKx)                     Date:  December 18, 2014

Title: ENKS ENTERPRISES, INC. V. VINCENT SLOMINKI

PRESENT:

### HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

Melissa Kunig                               N/A
Deputy Clerk                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                               None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

**INTRODUCTION AND BACKGROUND**

On October 7, 2014, Plaintiff Enks Enterprises, Inc. ("Plaintiff") brought this unlawful detainer action against Defendant Vincent Slominki ("Defendant"). (Dkt. No. 1 ["Notice of Removal"] Exh. 1 ["Compl."].) On December 15, 2014, Defendant, appearing *pro se*, removed the action to this Court. (Notice of Removal.) Specifically, Defendant contends that removal is proper based on federal question jurisdiction and 28 U.S.C. § 1443 because this action deprives him of his due process rights under the Fifth and Fourteenth Amendments. (Notice of Removal at 3, 14.) Defendant additionally argues that Plaintiff fraudulently filed this unlawful detainer action after conspiring to exact a wrongful foreclosure, thus violating securities laws and the Racketeer Influenced and Corrupt Organizations Act ("RICO") and implicating federal statutes prohibiting mail and wire fraud. (Notice of Removal at 10–11, 17.)

**DISCUSSION**

A civil action brought in state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.,*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 14-02562-CJC(KKx)                    Date: December 18, 2014
                                                   Page 2

---

813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.,* 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court.").  The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  If it appears that the federal court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the federal court must remand the action to state court.  28 U.S.C. § 1447(c).

### Federal Question Jurisdiction

        Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).  The face of the Complaint alleges only an unlawful detainer claim brought under California Code of Civil Procedure section 1161 and does not turn on the resolution of a substantial question of federal law.  (*See* Compl.)  Nor are Defendant's claims that Plaintiff wrongfully foreclosed on the subject property in violation of federal law sufficient to inject the action with federal question jurisdiction.  *See Franchise Tax Bd.*, 463 U.S. at 14 ("[A] case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint . . . .").  Thus, removal based on federal question jurisdiction was improper.

### Civil Rights Removal Jurisdiction

        28 U.S.C. § 1443(1) provides that a civil action commenced in state court may be removed by the defendant if he "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States[.]"  Defendant has not identified explicit California law commanding the state court to ignore his federal civil rights.  *See People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (holding that party removing under § 1443 must assert that state courts will not enforce statutorily protected racial civil rights due to a state statute or constitutional provision commanding the state courts to ignore the federal rights).  Accordingly, Defendant's removal on this basis was improper.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 14-02562-CJC(KKx)                    Date: December 18, 2014
                                                   Page 3

---

## CONCLUSION

      For the foregoing reasons, the Court **REMANDS** this action to state court for lack of subject matter jurisdiction.

ssh

MINUTES FORM 11
CIVIL-GEN                                          Initials of Deputy Clerk MKU